IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NATHAN HOLLIDAY,<br><br>Petitioner,<br><br>v.<br><br>STATE OF UTAH,<br><br>Respondent. | **MEMORANDUM DECISION<br>AND ORDER<br>DENYING MOTION FOR<br>TEMPORARY RESTRAINING ORDER<br>AND PRELIMINARY INJUNCTION**<br><br>No. 2:26-cv-169-HCN<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

Petitioner Nathan Holliday has filed a habeas corpus action seeking relief under 28 U.S.C. § 2254. *See* Dkt. No. 1. With his petition, he submitted a document titled, "Application for ex parte temporary restraining order and preliminary to permanent injunctive relief." Dkt. No. 2. To the extent he moves for entry of a temporary restraining order and preliminary injunction, the court denies the motion.

The Petitioner's motion for preliminary relief essentially asks for the same relief requested in his petition—the invalidation of his conviction and sentence.[1]

"Preliminary injunctive relief—whether a temporary restraining order or a preliminary injunction—'is an extraordinary remedy never awarded as of right.'" *Schiermeyer ex rel.*

---

[1] The Petitioner also requests the court to "restrain the State from further retaliation" and for the State to pay him "$10K per day of unconstitutional confinement . . . upon [his] release." Dkt. No. 2. Such relief falls outside the scope of a federal habeas action. *See Ortiz v. Utah Bd. of Pardons*, No. 24-4097, 2025 U.S. App. LEXIS 1988, at *7 (10th Cir. 2025) (unpublished) (stating "damages are not available in habeas proceedings"); *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) ("A habeas corpus proceeding attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." (cleaned up)).

*Blockchain Game Partners, Inc. v. Thurston*, 697 F. Supp. 3d 1265, 1269 (D. Utah 2023) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). Such relief is "the exception rather than the rule" and will be granted only if "the movant's right to relief [is] clear and unequivocal." *Aposhian v. Barr*, 958 F.3d 969, 978 (10th Cir. 2020) (cleaned up). A party seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20; *see also Stuber v. Lucky's Auto Credit, LLC*, 478 F. Supp. 3d 1205, 1208 (D. Utah 2020).

The ordinary purpose of such relief is simply to "preserve the relative positions of the parties until a trial on the merits can be held." *Schrier v. University of Colo.*, 427 F.3d 1253, 1258–59 (10th Cir. 2005) (cleaned up). And—as especially relevant here—motions for preliminary relief "seeking to mandate specific action rather than prohibit it, change the status quo, or grant all the relief a victorious movant could obtain at trial are even more disfavored." *Free the Nipple-Fort Collins v. City of Fort Collins*, 916 F.3d 792, 797 (10th Cir. 2019). Those wanting "a disfavored injunction must make a strong showing of likely success on the merits and a balance of harms that tilts in their favor." *Id.*; *see also O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

The court concludes that Petitioner has failed to do so. First, the Petitioner's conclusory treatment of each of the four factors falls far short of showing a clear and unequivocal right to the extraordinary remedies he seeks.

Second, a cursory review of the Petitioner's filings and the state-court docket reveals that his petition is likely untimely. The state court entered a final judgment against the Petitioner on

September 11, 2024. *See State v. Holliday*, No. 201914616, Dkt. No. 133 (Utah 3d Dist. last visited Feb. 26, 2026). Had he appealed, his notice of appeal would thus presumably have been due October 11, 2024. *See* Utah R. App. P. 4(a) ("The notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from."). "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," and the limitation period runs from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1). It follows that the federal habeas limitation period apparently would have run by October 11, 2025, and thus that this action is likely untimely and therefore unlikely to succeed on the merits.

*       *       *

1.      For the foregoing reasons, Docket Number 2, the Petitioner's Application for Ex Parte Temporary Restraining Order and Preliminary to Permanent Injunctive Relief, is **DENIED**.

2.      The Clerk of Court shall serve upon the Respondent copies of this Order and the Petition. *See* Rule 4, Rules Governing § 2254 Cases in the U.S. Dist. Cts. ("In every case [in which a response is ordered], the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").

3.      Within forty-five days, the Respondent shall answer the Petition. "The answer must address the allegations of the petition. It must also state whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations." Rule 5, Rules Governing § 2254 Cases in the U.S. Dist. Cts.

3

**4.** The answer must comply with Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts.[2]

**5.** Within thirty days after the answer is filed, the Petitioner shall file a reply or risk dismissal. Rule 5(e), Rules Governing § 2254 Cases in the U.S. Dist. Cts.

**6.** The Petitioner shall observe this District of Utah local rule: "A party proceeding without an attorney (unrepresented party or *pro se* party) is obligated to comply with: (1) the Federal Rules of Civil Procedure; (2) these Local Rules of Practice; (3) the Utah Standards of Professionalism and Civility; and (4) other laws and rules relevant to the action." DUCivR 83-1.6(a).

---

[2] Rule 5 includes these requirements:

> (c) Contents: transcripts. The answer must also indicate what transcripts (of pretrial, trial, sentencing, or post-conviction proceedings) are available, when they can be furnished, and what proceedings have been recorded but not transcribed. The respondent must attach to the answer parts of the transcript that the respondent considers relevant. The judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished. If a transcript cannot be obtained, the respondent may submit a narrative summary of the evidence.
>
> (d) Contents: briefs on appeal and opinions. The respondent must also file with the answer a copy of:
>
> (1) any brief that the petitioner submitted in an appellate court contesting the conviction or sentence, or contesting an adverse judgment or order in a post-conviction proceeding;
>
> (2) any brief that the prosecution submitted in an appellate court relating to the conviction or sentence; and
>
> (3) the opinions and dispositive orders of the appellate court relating to the conviction or the sentence.

Rule 5, Rules Governing § 2254 Cases in the U.S. Dist. Cts.

**7.** The Petitioner must notify the court of any address change and timely comply with court orders. *See* DUCivR 83-1.6(b) ("An unrepresented party must immediately notify the Clerk's Office in writing of any name, mailing address, or email address changes."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff [or petitioner] fails to prosecute or to comply with these rules or a court order, a defendant [or respondent] may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

**8.** Time extensions are disfavored, though reasonable extensions may be granted. Any extension motion shall be filed no later than **fourteen days** before the deadline to be extended.

**9.** No direct communication shall take place with any judge. All information, letters, documents, and papers, labeled with case number, shall be directed to the Clerk of Court.

**IT IS SO ORDERED.**

DATED this 3rd day of April, 2026.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge

5